UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALICE ROBERTS, KEVIN HALES, ) <br> CHRISTY MILLSAP and TIM MILLSAP, ) <br> Individually And On Behalf Of All Other ) <br> Natural Persons Similarly Situated, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> BJC HEALTH SYSTEM, ) <br> d/b/a BJC HEALTHCARE, et al., ) <br> ) <br> Defendant(s). ) | Case No. 4:04CV1556 JCH |

**ORDER**

This matter is before the Court on Plaintiffs' Motion to Amend Order and Judgment of March 16, 2005, filed March 21, 2005. (Doc. No. 69). The matter is fully briefed and ready for disposition.

By way of background, Plaintiffs filed their Complaint in this matter in the Circuit Court of the City of St. Louis, Missouri, on October 12, 2004. Defendant St. John's Mercy Health System removed Plaintiffs' suit to this Court on November 10, 2004. In a Memorandum and Order entered March 11, 2005, this Court held Plaintiffs lacked standing to pursue their claims in federal court, as they failed to demonstrate they had suffered an "injury in fact,....likely [to] be redressed by a favorable decision." (Doc. No. 67, P. 9, quoting Oti Kaga, Inc. v. South Dakota Housing Development Authority, 342 F.3d 871, 878 (8th Cir. 2003)). The Court therefore dismissed Plaintiffs' claims against Defendants without prejudice, and denied Plaintiffs' Motion to Remand as moot. Id., PP. 10-11.

In the instant motion, Plaintiffs assert that rather than dismissing Plaintiffs' claims without prejudice, the Court should have remanded the action to Missouri State Court. The statute governing

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Case: 4:04-cv-01556-JCH Doc. #: 77 Filed: 05/04/05 Page: 2 of 4 PageID #: 850

remand of actions removed under 28 U.S.C. § 1441(b) is 28 U.S.C. § 1447(c), which states in relevant part as follows: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added). Plaintiffs thus maintain that because this Court's determination that Plaintiffs lacked standing constituted a holding that the Court lacked subject matter jurisdiction, the literal words of the statute required remand rather than dismissal. See Doc. No. 70; see also Maine Association of Interdependent Neighborhoods v. Commissioner, Maine Dept. of Human Serv., 876 F.2d 1051, 1053-54 (1st Cir. 1989).

Upon consideration, the Court agrees with Plaintiffs. See Continental Cablevision of St. Paul, Inc. v. United States Postal Serv., 945 F.2d 1434, 1441 n. 3 (8th Cir. 1991), citing International Primate Protection League v. Administrators of Tulane Educational Fund, 500 U.S. 72, 111 S.Ct. 1700, 1709-10, 114 L.Ed.2d 134 (1991) ("When a federal court to which a case has been removed from a state court determines that it lacks jurisdiction, the proper action is not dismissal of the complaint, but remand to the state court. Section 1447(c) of Title 28 expressly so provides."). The Court will therefore amend its Memorandum and Order of March 11, 2005, in order to provide for remand of the instant action to Missouri State Court, rather than dismissal of the action without prejudice.[1]

## CONCLUSION

---

[1] The Court finds Defendants' arguments against remand to be unavailing. For example, with respect to Defendants' assertion that ERISA preempts Plaintiffs' state court action, the Court notes that it never made a finding of ERISA preemption, and in fact could not make such a finding upon the record before it at the time it issued its rulings on Defendants' Motions to Dismiss. Further, with respect to Defendants' assertion that the Court should not remand to state court when such a remand would be futile, the Court finds the Eighth Circuit has never recognized a futility exception to the mandatory provisions of 28 U.S.C. § 1447(c), and uncertainties in the present case preclude a finding that remand would be futile in any event. See International Primate Protection League, 500 U.S. at 88-89.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Amend Order and Judgment of March 16, 2005 (Doc. No. 69) is **GRANTED**.

**IT IS FURTHER ORDERED** nunc pro tunc that the phrase "and Plaintiffs' claims against Defendant St. John's are **DISMISSED** without prejudice" is deleted from page ten of this Court's March 11, 2005, Memorandum and Order (Doc. No. 67), and the sentence shall now read, "**IT IS HEREBY ORDERED** that Defendant St. John's Mercy Health System d/b/a St. John's Mercy Medical Center's Motion to Dismiss (Doc. No. 3) is **GRANTED**, and this case is remanded to the Circuit Court of the City of St. Louis, State of Missouri. An appropriate Order of Remand will accompany this Order."

**IT IS FURTHER ORDERED** nunc pro tunc that the phrase "and Plaintiffs' claims against Defendant Missouri Baptist are **DISMISSED** without prejudice" is deleted from page ten of this Court's March 11, 2005, Memorandum and Order (Doc. No. 67), and the sentence shall now read, "**IT IS FURTHER ORDERED** that the Motion of Defendant Missouri Baptist Medical Center to Dismiss Plaintiffs' Petition (Doc. No. 21) is **GRANTED**, and this case is remanded to the Circuit Court of the City of St. Louis, State of Missouri. An appropriate Order of Remand will accompany this Order."

**IT IS FURTHER ORDERED** nunc pro tunc that the phrase "and Plaintiffs' claims against Defendant SOM are **DISMISSED** without prejudice" is deleted from page ten of this Court's March 11, 2005, Memorandum and Order (Doc. No. 67), and the sentence shall now read, "**IT IS FURTHER ORDERED** that Defendant Sisters of Mercy Health System's Motion to Dismiss (Doc. No. 24) is **GRANTED**, and this case is remanded to the Circuit Court of the City of St. Louis, State of Missouri. An appropriate Order of Remand will accompany this Order."

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

- 4 -

**IT IS FURTHER ORDERED** nunc pro tunc that the phrase "and Plaintiffs' claims against Defendant BJC are **DISMISSED** without prejudice" is deleted from page ten of this Court's March 11, 2005, Memorandum and Order (Doc. No. 67), and the sentence shall now read, "**IT IS FURTHER ORDERED** that the Motion of Defendant  BJC Health System to Dismiss (Doc. No. 25) is **GRANTED**, and this case is remanded to the Circuit Court of the City of St. Louis, State of Missouri.  An appropriate Order of Remand will accompany this Order."

**IT IS FURTHER ORDERED** nunc pro tunc that the phrase "and Plaintiffs' claims against Defendant RMA are **DISMISSED** without prejudice" is deleted from page ten of this Court's March 11, 2005, Memorandum and Order (Doc. No. 67), and the sentence shall now read, "**IT IS FURTHER ORDERED** that the Motion to Dismiss of Defendant Reconstructive and Microsurgery Associates, Inc. (Doc. No. 28) is **GRANTED**, and this case is remanded to the Circuit Court of the City of St. Louis, State of Missouri.  An appropriate Order of Remand will accompany this Order."

**IT IS FURTHER ORDERED** that this Court's March 16, 2005 Order of Dismissal (Doc. No. 68) is **VACATED**.


Dated this 4th day of May, 2005.

/s/ Jean C. Hamilton  
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com